UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADINE WALLS,

     Plaintiff,

v.                                                      Case No.:  8:20-cv-1648-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Nadine Walls seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

### A.   **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of

law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on May 6, 2016, alleging disability beginning September 1, 2013. (Tr. 158, 293-299). The application was denied initially on August 8, 2016, and upon reconsideration on December 27, 2016. (Tr. 159, 176). Plaintiff requested a hearing

and hearing were held on November 30, 2018[1] and September 6, 2019 before Administrative Law Judge ("ALJ") Matthew Malfa. (Tr. 35-81, 121-131). On October 2, 2019, the ALJ entered a decision finding Plaintiff not disabled from September 1, 2013, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 29).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on May 15, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 17, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

D.     **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of September 1, 2013, through the date last insured of December 31, 2018. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "epilepsy and alcohol abuse." (Tr. 17). At step three and through the date last insured, the ALJ found Plaintiff did not have an

---

[1] At the first hearing, Plaintiff requested that the case be postponed to allow her time to retain counsel. (Tr. 124). The ALJ permitted a onetime postponement for Plaintiff to retain counsel to represent her. (Tr. 130).

impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525, and 404.1526). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels except that the claimant could occasionally climb ramps and stairs, but never climb ladders ropes and scaffolds, and must avoid all exposure to hazards, such as unprotected heights and dangerous moving machinery.

(Tr. 20-21).

The ALJ found Plaintiff unable to perform any past relevant work as a seamstress. (Tr. 27). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (50 on the date last insured), education (at least high school education), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27-28). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) dining room attendant, DOT 311.677-018, medium, unskilled, SVP 2

(2) laundry worker II, DOT 361.685-018, medium, unskilled SVP 2

(3) stores laborer, DOT 922.687-058, medium, unskilled, SVP 2

(Tr. 28). The ALJ concluded that Plaintiff had not been under a disability from September 1, 2013, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 29).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ failed to fully develop the record by not retaining a consultative mental examination. (Doc. 22, p. 6). The Commissioner contends the ALJ was not required to further develop the record by ordering a consultative examination. (Doc. 23, p. 7).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. §404.1545(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). To remand a case because of an ALJ's failure to fully develop the record, the claimant must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). After review of the decision in light of

the medical records and other records before the ALJ, the ALJ did not err by failing to order a consultative mental examination.

In the decision, the ALJ found Plaintiff last met the insured status requirements on December 31, 2018. For a period of disability and disability insurance benefits, Plaintiff must prove that she was disabled before her date last insured of December 31, 2018. *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014).

At step two, the ALJ discussed Plaintiff's reports of depression. (Tr. 18). The ALJ noted that Plaintiff claimed she stopped working, at least in part, due to depression. (Tr. 18). He noted that Plaintiff reported experiencing depression since childhood, but was not currently treating with a psychiatrist and had never been psychiatrically admitted for depression. (Tr. 18, 883). The ALJ cited consultative neurologist, Michael Breglia, M.D.'s December 2016 evaluation, findings that Plaintiff neurological findings were entirely normal and Plaintiff "did not clinically demonstrate any significant depressive symptoms during her evaluation." (Tr. 18, 887). The ALJ also found Plaintiff's medically determinable affective disorder did not cause more than minimal limitation in her ability to perform basic mental work activities and was therefore non-severe. (Tr. 19). In the four broad areas of mental functioning, the ALJ found Plaintiff had only mild limitations in all them, including in understanding, remembering, or applying information, in interacting with others,

in concentrating persisting, or maintaining pace, and in adapting or managing oneself. (Tr. 19).

At the time of the hearing, Plaintiff was housed in the psychological ward of a correctional facility, where she was incarcerated. (Tr. 18). She was prescribed two psychotropic medications, Prozac and Abilify. (Tr. 18). The ALJ found there was "no evidence of any treatment for any mental health prior to her date last insured, and her treatment in the psychiatric ward while incarcerated did not begin until after her date last insured. (Ex. 9F). Available jail treatment records further show that the claimant was not placed in the psychiatric ward prior to her date last insured, and that her sole diagnosis at that time, was determined to be an 'adjustment DO with anxiety' (Ex. 9F/49)." (Tr. 18-19).

When formulating the RFC, the ALJ noted Plaintiff had a history of diagnosed epilepsy/seizure disorder and a long history of alcoholism. (Tr. 22). The ALJ further noted that the record consisted almost exclusively of emergency department visits after seizures had occurred, and usually in the context of Plaintiff being highly intoxicated or in suspected alcohol withdrawal and noncompliant with any anticonvulsant medication. (Tr. 22-24).

Plaintiff argues the ALJ's decision minimizes Plaintiff's mental impairments that manifested in December 2018, immediately prior to the date last insured. (Doc. 22, p. 7-8). Plaintiff cites a medical report from the Hillsborough County Jail dated

December 12, 2018, in which Plaintiff reported she had a seizure two days earlier. (Tr. 1073). But the record does not reflect that this seizure related to any mental health issues.

Plaintiff then cites a record purportedly dated December 28, 2018.[2] (Doc. 22, p. 7-8). In that record, the evaluator reported Plaintiff was placed in a chair for spitting at a booking deputy upon arrival at the correctional facility, was agitated regarding her arrest, but denied any current or past suicide or homicide ideation, hallucinations, or a history of mental health issues. (Tr. 1142). The evaluator noted that in a November 8 report, Plaintiff's records reflected paranoia, agitation, and was reportedly drinking water out of the toilet, but Plaintiff denied these claims. (Tr. 1142). The evaluator also noted that even though Plaintiff was agitated, she presented as stable and in good control. (Tr. 1142). The evaluator found Plaintiff was unimpaired in orientation and memory, well groomed, preoccupied, had normal psychomotor activity, had appropriate and coherent speech, had an irritable mood and affect, had an appropriate thought process, was goal directed, had appropriate thought content, had no delusions or hallucinations, and had no suicidal ideation or plan. (Tr. 1143-47). The ALJ thoroughly reviewed the medical records from December 2018 and found these records showed Plaintiff's mental status examinations as a whole were unremarkable. (Tr. 25). Upon review of these records,

---

[2] It appears this treatment note may be dated December 12, 2018. (Tr. 1142).

the Court finds substantial evidence supports the ALJ's findings that these records were generally unremarkable as to Plaintiff's mental status examinations and these records support his finding that during the relevant time period Plaintiff's mental impairments were non-severe.

Plaintiff then presents records after the date last insured. (Doc. 22, p. 8). But as stated above, to prove eligibility for a period of disability and disability insurance benefits, Plaintiff must prove she suffered from a disability between her alleged onset date of September 1, 2013 and her date last insured of December 31, 2018. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). If she became disabled after her date last insured, then her claim must be denied despite her disability. *Id.*

Plaintiff cites the following medical records subsequent to the date last insured: January 2, 2019, she had difficulty sleeping; January 22, 2019, she was having panic attacks; March 19, 2019, she was experiencing increased depression; April 17, 2019, she had delusional thoughts; April 19, 2019, she had epilepsy and frequent seizures along with headaches; and May 14, 2019 she advised she was emotional and woke up crying. (Doc. 22, p. 8; Tr. 1098, 1104, 1111, 1117,1129, 1136). But these records do not reflect and Plaintiff provides no evidence that these incidents relate to the relevant time period prior to the date lasted insured of December 31, 2018. Thus, the Court finds no evidentiary gap in the records during

or related to the relevant time period, which resulted in unfairness or prejudice to Plaintiff regarding any alleged mental impairments. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). After consideration of the records as a whole, the Court finds substantial evidence supports the ALJ's decision as to Plaintiff's mental impairments and the ALJ did not err by failing to order a consultative mental examination.

## III.    Conclusion

For the reasons stated, the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 30, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties